1  DAVID SZWARCSZTEJN, CA Bar No. 272371
   david.szwarcsztejn@ogletree.com
2  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
3  400 South Hope St., Suite 1200
   Los Angeles, CA  90071
4  Telephone:     213-239-9800
   Facsimile:     213-239-9045
5
   GRAHAM M. HELM, CA Bar No. 316002
6  graham.helm@ogletree.com
   OGLETREE, DEAKINS, NASH, SMOAK &
7  STEWART, P.C.
   One Embarcadero Center, Suite 900
8  San Francisco, CA  94111
   Telephone:     415-442-4810
9  Facsimile:     415-442-4870

10 Attorneys for Defendants
   CPC LOGISTICS SOLUTIONS, LLC and
11 CPC LOGISTICS INC.

12                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14

15
   OSCAR BARAJAS, as an individual and on      Case No. 3:22-cv-03911
16 behalf of all others similarly situated,
                                               **DEFENDANTS CPC LOGISTICS**
17              Plaintiff,                      **SOLUTIONS, LLC AND CPC LOGISTICS**
                                               **INC.'S NOTICE OF REMOVAL OF CIVIL**
18       v.                                    **ACTION TO UNITED STATES DISTRICT**
                                               **COURT**
19 CPC LOGISTICS SOLUTIONS, LLC, a
   Missouri limited liability company; CPC     *[Filed concurrently with Civil Cover Sheet;*
20 LOGISTICS INC., a Missouri corporation;     *Certification of Interested Parties and Disclosure*
   NEWCO DISTRIBUTORS, INC., a California      *Statement; Declarations of Duane Trower, Bill*
21 corporation; and DOES 1-100, inclusive,     *Steimel, and Leslie Gomez in Support of*
                                               *Removal]*
22              Defendants.
                                               Complaint Filed:  May 16, 2022
23                                             Trial Date:       None Set
                                               Judge:            Hon. _____
24

25

26

27

28

1   **PLEASE TAKE NOTICE THAT** Defendants CPC LOGISTICS SOLUTIONS, LLC and

2   CPC LOGISTICS INC. (together, "Defendants"), by and through the undersigned counsel, hereby

3   remove the above-entitled action from the Superior Court of the State of California for the County

4   of Alameda to the United States District Court for the Northern District of California pursuant to

5   28 U.S.C. Sections 1332, 1441(a) and 1446.  In support of such removal, Defendants states as

6   follows:

7   I.      PROCEDURAL BACKGROUND

8          On May 16, 2022, plaintiff Oscar Barajas ("Plaintiff") filed a class action complaint in the

9   Superior Court of the State of California for the County of Alameda, entitled, "OSCAR

10  BARAJAS, as an individual and on behalf of all others similarly situated, Plaintiff vs. CPC

11  LOGISTICS SOLUTIONS, LLC, a Missouri limited liability company; CPC LOGISTICS, INC., a

12  Missouri corporation; NEWCO DISTRIBUTORS, INC., a California corporation;  DOES 1-100,

13  inclusive, Defendants," Case No. 22CV011373 (the "Complaint").

14         Defendants CPC LOGISTICS SOLUTIONS, LLC and CPC LOGISTICS INC. received

15  service of the Summons and Complaint on June 1, 2022.  Copies of the Summons, Complaint, and

16  all other documents served on Defendants are attached as "Exhibit A."

17         Plaintiff's Complaint alleges eight causes of action: (1) Failure to Pay Minimum Wages;

18  (2) Failure to Pay Overtime Wages; (3) Failure to Provide Meal Periods; (4) Failure to Permit Rest

19  Periods; (5) Failure to Provide Accurate Itemized Wage Statements; (6) Failure to Pay All Wages

20  Due Upon Separation of Employment; (7) Failure to Reimburse Business Expenses; and (8) Unfair

21  Competition.

22  II.     CLASS ACTION FAIRNESS ACT JURISDICTION

23         A.      Basis of Original Jurisdiction.

24         The Court has original jurisdiction over this action pursuant to the Class Action Fairness

25  Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  As such, this action may be removed to this Court by

26  Defendants pursuant to 28 U.S.C. § 1441, 1446 and 1453.

27         B.      Number of putative class members.

28         Plaintiff alleges this putative class action on behalf of "[a]ll non-exempt workers who were

DEFENDANTS CPC LOGISTICS SOLUTIONS, LLC AND CPC LOGISTICS INC.'S NOTICE OF REMOVAL
OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

directly employed by [Defendants] – regardless of where those non-exempt workers were assigned or staffed to work – in California at any time within the four years and 178 days prior to the filing of the initial complaint." (Complaint ("Compl.") ¶ 15A.). Thus, assuming that the putative class, as defined by Plaintiff's Complaint, includes all non-exempt employees employed by CPC Logistics Solutions, LLC in California at any time from November 19, 2017 to the present, the putative class includes at least 1,238 persons. (Declaration of Bill Steimel ("Steimel Decl.") ¶ 4.)

**C.** **Diversity of the parties.**

The **minimal** diversity requirement of 28 U.S.C. 1332(d) is met in this action because the citizenship of *at least* one class member is diverse from the citizen of *at least* one defendant. *Id.* at (d)(2)(A). Plaintiff, a putative class member, is a citizen of the state of California. Defendant CPC Logistics Solutions, LLC is a limited liability company formed under the laws of the state of Missouri, with its principal place of business in Chesterfield, Missouri. (Declaration of Duane Trower ("Trower Decl.") ¶¶ 4-5.) Defendant CPC Logistics Inc. is a corporation formed under the laws of the state of Missouri, with its principal place of business in Chesterfield, Missouri. (*Id.* ¶¶ 6-7.) Thus, Defendants CPC Logistics Solutions, LLC and CPC Logistics Inc. are citizens of Missouri. 28 U.S.C. § 1332(c); *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Citizenship of "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1).

**D.** **Amount in Controversy.**

Based on the allegations in the Complaint, the alleged amount in controversy exceeds, in the aggregate, five million dollars ($5,000,000), as demonstrated below.

**Fifth Cause of Action – Failure to Furnish Accurate Itemized Wage Statements.**

Plaintiff alleges that Defendants "intentionally failed to provide PLAINTIFF and the Class Members with accurate wage statements in compliance with Labor Code § 226, because they do not accurately reflect the total number of hours worked." (Compl. ¶ 81.) Plaintiff also alleges that because of Defendants' "unlawful policies of automatically deducting meal periods, rounding time entries, and uncompensated off-the-clock work, wage statements provided by DEFENDANTS failed to reflect the true total hours PLAINTIFF and the Class Members worked." (Compl. ¶ 82.)

DEFENDANTS CPC LOGISTICS SOLUTIONS, LLC AND CPC LOGISTICS INC.'S NOTICE OF REMOVAL
OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

1   Plaintiff further alleges that "PLAINTIFF and the Class Members are entitled to recover fifty

2   dollars per employee for the initial pay period in which a Section 226 violation occurred and one

3   hundred dollars per employee per violation for each subsequent pay period, not to exceed an

4   aggregate penalty of four thousand dollars per employee." (Compl. ¶ 88.)

5           Based on a review of Defendants' business records, CPC Logistics Solutions, LLC

6   employed 54 putative class members who were each issued at least 41 wage statements for the

7   applicable pay periods from May 16, 2021 to present. (Steimel Decl. ¶ 6.) Therefore, these 54

8   putative class members received at least a total of 2,160 (40 per putative class member) wage

9   statements for the applicable pay periods during limitations period from May 16, 2021 to the

10  present. (*Id.*) Thus, according to Plaintiff's allegations, these 54 putative class members are entitled

11  to recover at least $213,300 in wage statement penalties under Labor Code § 226(e). [54 (number

12  of putative class members) x $50] + [2,160 (wage statements issued during one-year limitations

13  period) – 54 (number of 1-year putative class members) x $100] = $213,300.

14          Further, based on a review of Defendants' business records, CPC Logistics Solutions, LLC

15  employed an additional 437 putative class members who were issued a total of 5,406 wage

16  statements for the applicable pay periods from May 16, 2021 to the present. (Steimel Decl. ¶ 7.)

17  Each of these 437 putative class members was issued fewer than 41 wage statements for the

18  applicable pay periods during the period from May 16, 2021 to the present. (Steimel Decl. ¶ 7.)

19          Thus, according to Plaintiff's allegations, these 437 putative class members are entitled to

20  recover at least $518,750.00 in wage statement penalties under Labor Code § 226(e). [437 (number

21  of putative class members) x $50] + [(5,406 (wage statements issued during one-year limitations

22  period) – 437 (number of 1-year putative class members)) x $100] = $518,750.00

23          In sum, according to Plaintiff's allegations, the putative class members are entitled to

24  recover at least **$732,050** in wage statement penalties connection with the Fifth Cause of Action.

25          **Sixth Cause of Action – Failure to Timely Pay All Wages Due Upon Separation of**

26  **Employment.** Plaintiff alleges that Defendants "fail to timely pay final wages to Class Members

27  upon separation of employment in violation of Labor Code section 201-202 and/or fail to timely

28  provide final wages with all owed vacation pay and/or paid time off." (Compl. ¶ 94). Plaintiff also

alleges that "final paychecks once provided to Class Members do not include all wages owed as they are devoid of, including but not limited to, all owed minimum wages, overtime wages, premium wages, vacation pay, and all owed sick leave and/or paid time off wages at the properly accrued rates." (*Id.* at ¶ 95.) Plaintiff further asserts that Plaintiff and all "Class Members who are no longer employed by DEFENDANTS are entitled to recover waiting time penalties of up to 30 days' pay, plus attorney's fees and costs, in an amount to be proved at trial." (*Id.* at ¶ 96.) The statute of limitations for waiting time penalties under Labor Code §§ 201-203 is three years. *See* Cal. Code of Civ. Proc. § 338(a).

Based on a review of Defendants' business records, 1,022 putative class members separated from their employment with Defendant during the applicable statute of limitations period from November 19, 2018[1] to the present. (Steimel Decl. ¶ 5.) These putative class members worked an average at least 8 hours per day during their employment, and earned an average hourly wage of $27.71. (Declaration of Leslie Gomez ("Gomez Decl.") ¶ 3; Steimel Decl. ¶ 5.)

Assuming, *arguendo*, the truth of Plaintiff's allegations, and assuming conservatively that each of the terminated putative class members did not receive at least one (1) fully compliant meal or rest break during the tenure of their employment and were not paid the meal or rest period premium pay in lieu thereof, the terminated putative class members are entitled to recover at least $6,796,708.80 in waiting time penalties: $27.71 (average base hourly rate) x 8.0 (at least 8 hours worked per day on average) x 30 days (maximum days of penalty pay) x 1,022 (number of putative class members terminated during the three-year period) = **$6,796,708.80**.

**E.    Summary of Amount in Controversy**

Defendants deny all the material allegations of the Complaint and disputes all liability and Plaintiff's entitlement to any recovery.  Based on Plaintiff's allegations and Defendant's denial, the Complaint places in actual controversy more than the required $5 million for purposes of removal under CAFA, even without considering the amounts placed in controversy by the other alleged

---

[1] As referenced above, Plaintiff contends that the liability periods in this action are subject to Emergency Rule 9(a) of the California Rules of Court for the COVID-19 pandemic, which tolled certain statute of limitations period and filing deadlines from April 6, 2020 through October 1, 2020, equivalent to 178 days. (*See* Compl. ¶ 15, fn 1.)

claims (unpaid wages, overtime, failure to provide meal and rest periods, and business expenses) and attorney fees.  See *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (attorneys' fees may properly be included in calculation of the amount of controversy where an underlying statute authorizes an award of attorneys' fees).

| Claim | Amount in Controversy |
|---|---|
| Wage Statement Penalties | $ 732,050.00 |
| Waiting Time Penalties | $ 6,796,708.80 |
| **Total** | **$ 7,528,758.80** |

Accordingly, removal of this action under CAFA is proper under Section 1332(d).

## III.   COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS

As required by 28 U.S.C. § 1446, this Notice of Removal is filed in the district court of the United State in which the action is pending.  The state court action was pending in the Alameda Superior Court, which is located within the boundaries of this Court.  Thus, venue is proper in this Court.  28 U.S.C. § 1441(a).

As required by 28 U.S.C. § 1446, Defendant hereby provides this Court with copies of all process, pleadings and orders received by Defendant in this action (attached as **"Exhibit A"**), Defendant has not received any pleadings, process or orders besides those attached.  The documents filed by Defendant in the Superior Court are attached as "**Exhibit B**."

WHEREFORE, Defendant removes this action to this Court.


DATED:  July 1, 2022                              OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.



By:  /s/Graham M. Helm
       DAVID SZWARCSZTEJN
       GRAHAM M. HELM
       Attorneys for Defendant CPC LOGISTICS
       SOLUTIONS, LLC and
       CPC LOGISTICS INC.

51923711.v1-Ogletree

5                                                    Case No. 3:22-cv-03911
DEFENDANTS CPC LOGISTICS SOLUTIONS, LLC AND CPC LOGISTICS INC.'S NOTICE OF REMOVAL
OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

# EXHIBIT A

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
06/01/2022
CT Log Number 541674585

## Service of Process Transmittal Summary

**TO:**  Hunter LeGear
CPC Logistics, Inc.
14528 S Outer 40 Rd Ste 210
Chesterfield, MO 63017-5743

**RE:**  **Process Served in California**

**FOR:**  CPC Logistics, Inc.  (Domestic State: MO)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: OSCAR BARAJAS, as an individual and on behalf of all others similarly situated // To: CPC Logistics, Inc. |
| **CASE #:** | 22CV011373 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/01/2022 at 12:07 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/01/2022, Expected Purge Date: 06/06/2022 |
| | Image SOP |
| | Email Notification,  Hunter LeGear  h.legear@callcpc.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-331-2303 |
| | CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                  Wed, Jun 1, 2022
**Server Name:**                           Laura Romero

| Entity Served | CPC LOGISTICS INC. |
|---------------|--------------------|
| Case Number | 22CV011373 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |





## Service of Process Transmittal Summary

**TO:**    Hunter LeGear
           CPC Logistics, Inc.
           14528 S Outer 40 Rd Ste 210
           Chesterfield, MO 63017-5743

**RE:**    **Process Served in California**

**FOR:**   CPC Logistics Solutions, LLC  (Domestic State: MO)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: OSCAR BARAJAS, as an individual and on behalf of all others similarly situated // To: CPC Logistics Solutions, LLC |
| **CASE #:** | 22CV011373 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/01/2022 at 12:06 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/01/2022, Expected Purge Date: 06/06/2022 |
| | Image SOP |
| | Email Notification,  Hunter LeGear  h.legear@callcpc.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-331-2303 |
| | CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Wed, Jun 1, 2022
**Server Name:**                   Laura Romero

| Entity Served | CPC LOGISTICS SOLUTIONS, LLC |
|---|---|
| Case Number | 22CV011373 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** CPC LOGISTICS SOLUTIONS, LLC, a Missouri<br>*(AVISO AL DEMANDADO):* limited liability company; CPC LOGISTICS INC.,<br>a Missouri corporation; NEWCO DISTRIBUTORS, INC., a California<br>corporation; and DOES 1-100, inclusive | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Alameda<br>05/16/2022<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Angela Linhares _____ Deputy |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

OSCAR BARAJAS, as an individual and on behalf of all others
similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court for the State of California<br><br>for the county of Alameda - Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | CASE NUMBER:<br>*(Número del Caso):*<br>**22CV011373** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
CROSNER LEGAL, PC 9440 Santa Monica Blvd., Ste. 301 Beverly Hills, CA 90210 Tel: (310) 496-5818

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* 05/16/2022 | Chad Finke, Executive Officer / Clerk of the Court | Clerk, by<br>*(Secretario)* _____ Angela Linhares _____ | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael R. Crosner (Bar No. 41299), Zachary M. Crosner (Bar No. 272295), Blake Jones (Bar No. 211221) CROSNER LEGAL, PC 9440 Santa Monica Blvd., Ste. 301, Beverly Hills, CA 90210 TELEPHONE NO.: (310) 496-5818 FAX NO.: (310) 510-6429 ATTORNEY FOR *(Name):* Oscar Barajas | **ELECTRONICALLY FILED** Superior Court of California, County of Alameda 05/16/2022 at 04:47:25 PM By: Angela Linhares, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice

CASE NAME:
OSCAR BARAJAS v. CPC LOGISTICS SOLUTIONS, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 22CV011373 |
|---|---|---|---|---|
| ☑ **Unlimited** (Amount demanded exceeds $25,000) | ☐ **Limited** (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify):* 8
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 5/16/2022

Zachary M. Crosner
(TYPE OR PRINT NAME)                    ▶ *(signature)*                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courtinfo.ca.gov* |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| | |
|---|---|
| **Short Title:** OSCAR BARAJAS v. CPC LOGISTICS SOLUTIONS, LLC, et al. | **Case Number:** |

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE**
**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[X] Hayward Hall of Justice  (447)

[  ] Oakland, Rene C. Davidson Alameda County Courthouse  (446)          [  ] Pleasanton, Gale-Schenone Hall of Justice  (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [  ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case?  [  ] yes  [  ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [  ] | 75 | Asbestos (D) |
| | Product liability (24) | [  ] | 89 | Product liability (<u>not</u> asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [  ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [  ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [  ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [  ] | 80 | Civil rights (G) |
| | Defamation (13) | [  ] | 84 | Defamation (G) |
| | Fraud (16) | [  ] | 24 | Fraud (G) |
| | Intellectual property (19) | [  ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [  ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [  ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [  ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [X] | 85 | Other employment (G) |
| | | [  ] | 53 | Labor comm award confirmation |
| | | [  ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [  ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [  ] | 81 | Collections (G) |
| | Insurance coverage (18) | [  ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [  ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [  ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [  ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [  ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [  ] | 94 | Unlawful Detainer - commercial   **Is the deft. in possession** |
| | Residential (32) | [  ] | 47 | Unlawful Detainer - residential   **of the property?** |
| | Drugs (38) | [  ] | 21 | Unlawful detainer - drugs   **[  ] Yes   [  ] No** |
| Judicial Review | Asset forfeiture (05) | [  ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [  ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [  ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [  ] Yes  [  ] No** | | |
| | Other judicial review (39) | [  ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [  ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [  ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [  ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [  ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [  ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [  ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [  ] | 19 | Enforcement of judgment |
| | | [  ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [  ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [  ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [  ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [  ] | 06 | Change of name |
| | | [  ] | 69 | Other petition |

202-19 (5/1/00)                                                                                                                 A-13

MICHAEL R. CROSNER (SBN 41299)
mike@crosnerlegal.com
ZACHARY M. CROSNER (SBN 272295)
zach@crosnerlegal.com
BLAKE R. JONES (SBN 211221)
blake@crosnerlegal.com
**CROSNER LEGAL, PC**
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (310) 496-5818
Fax: (310) 510-6429

Attorneys for Plaintiff OSCAR BARAJAS

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**05/16/2022 at 04:47:25 PM**
By: Angela Linhares, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| OSCAR BARAJAS, as an individual and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CPC LOGISTICS SOLUTIONS, LLC, a Missouri limited liability company; CPC LOGISTICS INC., a Missouri corporation; NEWCO DISTRIBUTORS, INC., a California corporation; and DOES 1-100, inclusive, <br><br> Defendants. | Case No.:  22CV011373 <br><br> **CLASS ACTION COMPLAINT FOR:** <br><br> 1. **Recovery of Unpaid Minimum Wages and Liquidated Damages** <br> 2. **Recovery of Unpaid Overtime Wages** <br> 3. **Failure to Provide Meal Periods or Compensation in Lieu Thereof** <br> 4. **Failure to Provide Rest Periods or Compensation in Lieu Thereof** <br> 5. **Failure to Furnish Accurate Itemized Wage Statements** <br> 6. **Failure to Timely Pay All Wages Due Upon Separation of Employment** <br> 7. **Failure to Reimburse Business Expenses** <br> 8. **Unfair Competition** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, OSCAR BARAJAS ("PLAINTIFF"), as an individual and on behalf of all others similarly situated, hereby files this Complaint against Defendant CPC LOGISTICS SOLUTIONS, LLC, a Missouri limited liability company; CPC LOGISTICS INC., a Missouri corporation; NEWCO DISTRIBUTORS, INC., a California corporation; and DOES 1-100, inclusive (collectively referred to herein as "DEFENDANTS"). PLAINTIFF is informed and believes and thereon alleges as follows:

## JURISDICTION AND VENUE

1.      This court possesses original subject matter jurisdiction over this matter. Venue is proper in the County of Alameda, California, pursuant to California Code of Civil Procedure section 395.5 because DEFENDANTS employed PLAINTIFF to work in the County of Alameda, and some of the complained of conduct occurred in this judicial district.

## THE PARTIES

2.      PLAINTIFF resides in Alameda County, in the State of California. PLAINTIFF worked for DEFENDANTS in the State of California as a non-exempt employee during the relevant period.

3.      DEFENDANT CPC LOGISTICS SOLUTIONS, LLC, and DEFENDANT CPC LOGISTICS INC. (collectively referred to herein as "CPC LOGISTICS") are each either a Missouri limited liability company and/or Missouri corporation that at all relevant times, were authorized to do business within the State or California and are doing business within the State of California.  CPC LOGISTICS and their managing agents own, operate, or otherwise manage a staffing company that supplies workers to logistics/distribution companies, including but not limited to, DEFENDANT NEWCO DISTRIBUTORS, INC.

4.      DEFENDANT NEWCO DISTRIBUTORS, INC. (referred to herein as "NEWCO DISTRIBUTORS"), is a California corporation, that at all relevant times was authorized to do business within the State of California and is doing business within the State of California. DEFENDANTS and their managing agents, own, operate or otherwise manage a petfood distribution company.

5.      The true names and capacities of the DOE Defendants sued herein as DOES 1

through 100, inclusive, are currently unknown to PLAINTIFF, who therefore sues each such Defendant by said fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. PLAINTIFF will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Doe Defendants when such identities become known.

6.     PLAINTIFF is further informed and believes that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, joint employer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. PLAINTIFF is further informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each Defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## **JOINT LIABILITY**

7.     Under California law, the definition of the terms "to employ" are broadly construed under the applicable IWC Wage Order(s) to have three alternative definitions, including: (1) to exercise control over the wages, hours or working conditions; (2) to suffer of permit to work; or (3) to engage, thereby creating a common law employment relationship. See *Martinez v. Combs*, 49 Cal.4th 35, 64 (2010). One reason that the IWC defined "employer" in terms of exercising control was to reach situations in which multiple entities control different aspects of the employment relationship. Supervision of the work, in the specific sense of exercising control over how services are properly performed, is properly viewed as one of the "working conditions" mentioned in the wage order. *Id*. at 76. A joint employer relationship exists when one entity (such as a temporary employment agency) hires and pays a worker, and the other entity supervises the work. *Id*.

8.     During PLAINTIFF's assignment with DEFENDANTS, PLAINTIFF and the Class

Members (defined below) were jointly employed by these Defendants for purposes of the Wage Orders, under the alternative definitions of "to employ" adopted by the California Supreme Court in *Martinez*, supra.  As discussed below, these DEFENDANTS (1) exercised control over wages, hours and working conditions of PLAINTIFF and the Class Members; (2) suffered or permitted PLAINTIFF and the Class Members to work for them; and, (3) engaged PLAINTIFF and the Class Members to work for them.

9.      In particular, PLAINTIFF is informed and believes, and thereon alleges that at all relevant times DEFENDANT CPC LOGISTICS SOLUTIONS, LLC, and DEFENDANT CPC LOGISTICS INC. operated as a single integrated enterprise with common ownership and centralized human resources as set forth herein. For example, DEFENDANT CPC LOGISTICS SOLUTIONS, LLC, and DEFENDANT CPC LOGISTICS INC., maintain the same headquarters/principal office in Chesterfield, Missouri (14528 S. Outer 40 Rd., Ste. 210, Chesterfield, Missouri 63017 and have the same California registered corporate Agent for Service of Process.  Based on information and belief, DEFENDANT CPC LOGISTICS SOLUTIONS, LLC, and DEFENDANT CPC LOGISTICS INC. utilize the same policies and procedures for all California employees, including issuing the same employee handbooks and other form agreements. Based on information and belief, DEFENDANT CPC LOGISTICS SOLUTIONS, LLC, and DEFENDANT CPC LOGISTICS INC. also use at least some of the same Human Resources personnel and attorneys to oversee employment matters.   As a result, DEFENDANT CPC LOGISTICS SOLUTIONS, LLC, and DEFENDANT CPC LOGISTICS INC. utilized the same unlawful wage and hour policies and practices and across all their California locations/facilities and subjected all the Class Members to these same policies and practices regardless of the location(s) or facilities where they worked in California.

10.      Moreover, CPC LOGISTICS hired PLAINTIFF and entered into a written employment agreement with PLAINTIFF. During PLAINTIFF's employment, CPC LOGISTICS maintained control over many aspects of PLAINTIFF's employment, including, among other things, having the authority to discipline PLAINTIFF, change PLAINTIFF's job assignment, change

PLAINTIFF's work hours, change PLAINTIFF's rates of pay, and to terminate PLAINTIFF's employment.

11.     In addition, when PLAINTIFF was first hired, CPC LOGISTICS provided PLAINTIFF with orientation and training materials. CPC LOGISTICS issued PLAINTIFF written policies concerning meal periods, rest breaks, timekeeping, hours worked, and payment of PLAINTIFF's wages, with which PLAINTIFF was required to comply. Based on information and belief, among other things, these policies provided that PLAINTIFF's weekly time records be submitted to CPC LOGISTICS; and CPC LOGISTICS was supposed to process PLAINTIFF's time records and pay PLAINTIFF for all hours worked. CPC LOGISTICS exercised ultimate control over the payment of PLAINTIFF's wages, as CPC LOGISTICS issued PLAINTIFF his paychecks. Finally, CPC LOGISTICS directed PLAINTIFF to comply with NEWCO DISTRIBUTORS's policies and directions. PLAINTIFF is informed and believes that CPC LOGISTICS exercised the same control over, applied the same policies and practices, and engaged in the same acts and omissions with regard to the other class members.

12.     NEWCO DISTRIBUTORS similarly suffered or permitted PLAINTIFF to work for them or engaged PLAINTIFF to work for them. PLAINTIFF is informed and believes that NEWCO DISTRIBUTORS entered into a written agreement with CPC LOGISTICS, pursuant to which NEWCO DISTRIBUTORS paid CPC LOGISTICS to provide it with workers, including PLAINTIFF, to conduct NEWCO DISTRIBUTORS's business operations – namely, to work in NEWCO DISTRIBUTORS's warehouses/distribution centers. NEWCO DISTRIBUTORS suffered or permitted PLAINTIFF to work at NEWCO DISTRIBUTORS and for the entirety of PLAINTIFF's employment.

13.     NEWCO DISTRIBUTORS further exercised control over PLAINTIFF's wages, hours and working conditions.  NEWCO DISTRIBUTORS also: (1) set PLAINTIFF's work hours and provided PLAINTIFF with PLAINTIFF's work schedule; (2) provided PLAINTIFF with policies regarding meal periods and rest breaks, with which PLAINTIFF was required to comply; (3) directly supervised PLAINTIFF's work through its employees; (4) assigned PLAINTIFF job duties and trained PLAINTIFF on said job duties; (5) exercised authority to reprimand and counsel

PLAINTIFF regarding any work performance and other issues; (6) exercised authority to end PLAINTIFF's work assignment at any time, which essentially equated to a termination of employment as PLAINTIFF was not guaranteed any other job assignments; (7) required PLAINTIFF to use its timekeeping system for purposes of recording time worked; (8) determined whether and when PLAINTIFF would receive meal periods and rest breaks; (9) subjected PLAINTIFF to unlawful schedules for taking meal periods and rest breaks; and, (10) was responsible for recording when PLAINTIFF began and ended work shifts. On information and belief, NEWCO DISTRIBUTORS issued further written policies and practices and guidelines governing PLAINTIFF's working conditions with which PLAINTIFF was required to comply. PLAINTIFF is informed and believes that NEWCO DISTRIBUTORS exercised the same control over, applied the same policies and practices, and engaged in the same acts and omissions with regard to the other class members.

14.     Thus, DEFENDANTS collectively exercised the right to control the wages, hours and working conditions of PLAINTIFF and the Class Members. As such, DEFENDANTS collectively held the right to control virtually every aspect of PLAINTIFF's and the Class Members' employment, including the instrumentality that resulted in the illegal conduct for which PLAINTIFF seek relief in this Complaint.

**CLASS ALLEGATIONS**

15.     PLAINTIFF brings this action on behalf of PLAINTIFF and all others similarly situated as a class action pursuant to Code of Civil Procedure section 382. The class PLAINTIFF seeks to represent are defined as follows based on the following subclasses and referred to collectively as the "Class Members":

A.     <u>CPC LOGISTICS Direct Hires Class</u>: All non-exempt workers who were directly employed by DEFENDANT CPC LOGISTICS SOLUTIONS, LLC and/or DEFENDANT CPC LOGISTICS, INC. – regardless of where those non-exempt workers were assigned or staffed to work – in California at any time within the four years and 178 days prior to

1    the filing of the initial complaint.[1]

2    B.  NEWCO DISTRIBUTORS Temporary Hires Class: All non-exempt workers who were

3        assigned/staffed to work at NEWCO DISTRIBUTORS by DEFENDANT CPC

4        LOGISTICS SOLUTIONS, LLC and/or DEFENDANT CPC LOGISTICS, INC. and/or

5        any other staffing/temporary service agencies in California at any time within the four

6        years and 178 days prior to the filing of the initial complaint.

7    C.  NEWCO DISTRIBUTORS Direct Hires Class: All non-exempt workers who were directly

8        employed by NEWCO DISTRIBUTORS in California at any time within the four years

9        and 178 days prior to the filing of the initial complaint.

10   i.   **Numerosity.** While the exact number of Class Members is unknown to PLAINTIFF at

11       this time, the class is so numerous that the individual joinder of all members is

12       impractical under the circumstances of this case.

13   ii.  **Common Questions of Law and Fact.** This lawsuit is suitable for class treatment

14       because common questions of law and fact predominate over individual issues.

15       Common questions include, but are not limited to, the following: (1) whether

16       DEFENDANTS understated hours worked and failed to pay all amounts due to

17       PLAINTIFF and the Class Members for wages earned, including minimum wages and

18       overtime wages under California law; (2) whether DEFENDANTS provided

19       PLAINTIFF and the Class Members with all meal periods or premium payments in lieu

20       thereof, in compliance with California law; (3) whether DEFENDANTS provided

21       PLAINTIFF and the Class Members with all rest periods or premium payments in lieu

22       thereof, in compliance with California law; (4) whether DEFENDANTS provided

23       PLAINTIFF and the Class Members with accurate, itemized wage statements in

24       compliance with California law, displaying, including but not limited to, the total hours

25       worked during the pay period; (5) whether DEFENDANTS timely paid the Class

26       Members all wages due upon separation of employment; (6) whether DEFENDANTS

27

28   ---

[1] In response to the COVID-19 pandemic, the Judicial Council of California adopted Emergency Rule 9(a) (California Rules of Court), whereby "statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020 to October 1, 2020."

1  failed to reimburse PLAINTIFF and the Class Members for all business expenses; and

2  (7) whether DEFENDANTS violated California Business and Professions Code

3  sections 17200, et seq.

4  iii. **Ascertainable Class.**   The proposed class is ascertainable as its members can be

5  identified and located using information in DEFENDANTS' business, payroll and

6  personnel record.

7  iv. **Typicality.** PLAINTIFF's claims are typical of the claims of the Class Members.

8  PLAINTIFF suffered a similar injury as the other Class Members as a result of

9  DEFENDANT's common practices regarding, *inter-alia*, failure to calculate and pay

10  all owed minimum and overtime wages, failure to provide proper meal and rest periods

11  or premium compensation in lieu thereof, failure to provide accurate wage statements,

12  failure to reimburse business expenses, and failure to pay all wages due upon separation

13  of employment.

14  v. **Adequacy.** PLAINTIFF will fairly and adequately protect the interests of the Class

15  Members. PLAINTIFF has no interests adverse to the interests of the other Class

16  Members. Counsel who represent PLAINTIFF are competent and experienced in

17  litigating similar class action cases and are California lawyers in good standing. Counsel

18  for PLAINTIFF have the experience and resources to vigorously prosecute this case.

19  vi. **Superiority**. A class action is superior to other available means for the fair and efficient

20  adjudication of this controversy since individual joinder of all members of the class is

21  impractical. Class action treatment will permit a large number of similarly situated

22  persons to prosecute their common claims in a single forum simultaneously, efficiently,

23  and without the unnecessary duplication of effort and expense that numerous individual

24  actions would engender.   Furthermore, as the damages suffered by each individual

25  member of the class may be relatively small, the expenses and burden of individual

26  litigation would make it difficult or impossible for individual members of the class to

27  redress the wrongs done to them, while an important public interest will be served by

28  addressing the matter as a class action. The cost to the court system of adjudication of

1    such individualized litigation would be substantial. Individualized litigation would also

2    present the potential for inconsistent or contradictory judgments. Finally, the alternative

3    of filing a claim with the California Labor Commissioner is not superior, given the lack

4    of discovery in such proceedings, the fact that there are fewer available remedies, and

5    the losing party has the right to a trial de novo in the Superior Court.

6                     **FACTUAL AND LEGAL ALLEGATIONS**

7        16.    During the four-year period preceding filing of this complaint, PLAINTIFF, and each

8 of the Class Members, were employed by DEFENDANTS in the State of California as non-exempt

9 employees. At all times referenced herein, DEFENDANTS exercised control over PLAINTIFF and

10 each of the Class Members and suffered and/or permitted them to work.

11       17.    PLAINTIFF was employed by DEFENDANTS as a non-exempt employee during

12 the relevant period.  PLAINTIFF worked for DEFENDANTS as an equipment operator, shipping

13 and receiving clerk, warehouse worker and/or other similar title(s).  PLAINTIFF worked at NEWCO

14 DISTRIBUTORS's warehouse facility located in Hayward, California, where PLAINTIFF was

15 assigned to work by CPC LOGISTICS during the relevant period, until the separation of his

16 employment, on or about October 25, 2021.  PLAINTIFF's job duties included, but were not limited

17 to, picking orders, performing safety checks of equipment, operating a forklift, loading and

18 unloading products, documenting any damaged products, and general warehouse housekeeping

19 duties.

20       18.    PLAINITFF typically worked shifts lasting at least eight (8) to ten (10) hours per

21 day, and at least five (5) days per week.

22       19.    **Meal Periods**. During the relevant period, PLAINTIFF and the Class Members

23 regularly worked shifts of five and one half (5 ½) hours or more and were entitled to at least one

24 thirty-minute uninterrupted meal break. However, DEFENDANTS failed to provide PLAINTIFF

25 and the Class Members with timely, thirty-minute, uninterrupted meal breaks and/or required

26 PLAINTIFF and the Class Members to work through purported meal breaks, remain on

27 DEFENDANTS' premises and/or remain tethered to DEFENDANTS' communication devices.

28 Based on information and belief, PLAINTIFF and other Class Members were not adequately

informed, authorized, instructed about, nor permitted an opportunity to take lawful meal breaks per California law.

20.     PLAINTIFF and other Class Members were unable to take timely, off duty, thirty-minute, uninterrupted meal periods. For example, at times, PLAINTIFF had his meal period cut short and/or was forced to take his meal period late (i.e. after the fifth hour of work) due to understaffing/lack of relief workers, commentary from supervisors pressuring him to take noncompliant meal periods and/or the nature and constraints of his job duties, including but not limited to, the need to attend to unscheduled deliveries, unexpected will calls and/or complete other work tasks.   Based on information and belief, other Class Members were also forced to take late, interrupted and/or shortened meal periods due to understaffing, pressure from supervisors to take noncompliant meal breaks and/or the nature and constraints of their job duties/need to keep up with distribution deadlines and/or complete other work tasks.

21.     Moreover, based on information and belief, Class Members were required to remain on the worksite premises and/or were tethered to DEFENDANTS' communication devices during purported meal periods, and thus remained subjected to DEFENDANTS' control during meal periods.

22.     Based on information and belief, DEFENDANTS implemented a policy and/or practice of automatically deducting at least thirty minutes per shift for short, interrupted and/or otherwise unlawful meal periods, despite having actual and/or constructive knowledge that PLAINTIFF and other Class Members did not receive compliant meal periods.

23.     Based on further information and belief, DEFENDANTS rounded the start and end times of PLAINTIFF and Class Members' meal periods resulting in PLAINTIFF and other Class Members not being paid for all time worked as well as late or shortened meal periods.

24.     PLAINTIFF is further informed and believes and thereon alleges that DEFENDANTS had actual and/or constructive knowledge that its time-rounding and auto-deduction policies and practices resulted in the denial of lawful meal periods owed to PLAINTIFF and other Class Members, in violation of California's meal period laws.

25.     Moreover, DEFENDANTS failed to provide a timely, duty-free, uninterrupted,

thirty-minute, second meal break to PLAINTIFF and Class Members that worked shifts of more than ten hours. DEFENDANTS failed to provide PLAINTIFF and the Class Members with a second, timely, duty-free, uninterrupted meal period despite Class Members consistently working over ten hours in a workday and thus being entitled to a second duty-free, uninterrupted, thirty-minute meal period before the end of the tenth hour of work.  For example, at times, PLAINTIFF worked more than ten hours per shift but was not provided with a second, timely, off-duty, thirty-minute meal period.

26.    Based on information and belief, DEFENDANTS did not have a lawful written meal break policy, nor did DEFENDANTS have a compliant policy in practice.

27.    Moreover, DEFENDANTS failed to pay PLAINTIFF and other Class Members an additional hour of wages at their respective regular rates of pay for each workday a proper meal period was not provided, as required by California law.  For example, as explained above, PLAINTIFF was at times forced to take a late meal period and/or had his meal period interrupted, yet DEFENDANTS' wage statements for PLAINTIFF do not show the payment of a single meal period premium.  As such, DEFENDANTS failed to pay a meal period premium at all for each workday a lawful meal period was not provided.  Additionally, based on information and belief, if a meal premium was paid, DEFENDANTS failed to pay the proper meal period premium for failure to incorporate all non-discretionary remuneration, including but not limited to, non-discretionary bonus/incentive pay (e.g., attendance bonuses, safety bonuses and/or other non-discretionary performance-based bonuses), shift differential pay, and/or other non-discretionary compensation into the regular rate for purposes of calculating the owed meal period premium at the correct regular rate of compensation.

28.    **Rest periods**. DEFENDANTS did not properly authorize and provide PLAINTIFF and other Class Members with off-duty, uninterrupted, net ten-minute rest periods for every four (4) hours worked or major fraction thereof.

29.    PLAINTIFF and other Class Members were not adequately informed, authorized, instructed about, nor permitted an opportunity to take proper rest periods per California law.  Per DEFENDANTS' unlawful rest period policy and practice, PLAINTIFF often worked at least ten

hours per day but was not provided with a single compliant rest period in a shift. Rest breaks were at times on duty, interrupted, worked through, and/or untimely. For example, at times, PLAINTIFF was forced to work through his rest breaks due to understaffing, his workload and/or pressure from his supervisor to work through breaks to keep up with delivery schedules/warehouse deadlines and or complete other work tasks.

30. Moreover, based on information and belief, PLAINTIFF and other Class members were required to remain on the worksite premises and/or remained tethered to DEFENDANTS' communication devices during purported rest periods and were thus subjected to DEFENDANTS' control. As such, DEFENDANTS failed to provide Class Members with ten-minute uninterrupted rest periods in compliance with California law.

31. Based on information and belief, DEFENDANTS did not have a lawful policy, instruction, or practice as to the taking, length, timing, or duty-free nature of rest periods. For example, based on information and belief, DEFENDANTS failed to authorize and permit rest periods that were a "net" ten minutes in a suitable rest area and instead limited PLAINTIFF and other Class Members to only ten-minute rest periods, requiring them to be back at their workstations within ten minutes of leaving, in violation of California rest period law.

32. Despite not providing lawful rest periods, DEFENDANTS failed to pay PLAINTIFF and other Class Members with an additional hour of pay at PLAINTIFF's and other Class Members' regular rates of compensation for each missed, or otherwise unlawful rest period. Based on information and belief, DEFENDANTS failed to pay a rest period premium at all for each workday a lawful rest period was not provided. If and when a rest premium was paid, DEFENDANTS failed to pay the proper premium for failure to incorporate all non-discretionary remuneration, including but not limited to, non-discretionary bonus pay, shift differential pay, and/or other non-discretionary compensation into the regular rate for purposes of calculating the owed rest period premium at the correct regular rate of compensation.

33. **Unpaid Minimum and Overtime Wages**. DEFENDANTS failed to compensate all hours worked, including all owed minimum wages and overtime wages, including double time wages. As explained above, PLAINTIFF and the Class Members were consistently required to

perform off-the-clock work by virtue of DEFENDANTS' automatic-deduction and/or rounding policies and practices for meal periods. On information and belief, the work time reported by the Class Members was rounded and automatically deducted for at least 30 minutes of wages every day they worked for DEFENDANTS for meal periods that were short, not taken, interrupted, or during which PLAINTIFF and the Class Members were not relieved of all duties or employer control and/or were otherwise unlawful.

34.     Additionally, PLAINTIFF alleges on information and belief that DEFENDANTS implemented a time-rounding system that as applied systematically deprived PLAINTIFF and other Class Members of compensable time because the time-rounding system implemented by DEFENDANTS would almost always, if not always, result in understating actual work time. For example, wage statements issued by DEFENDANTS show DEFENDANTS rounded PLAINTIFF's total hours worked to at least the nearest quarter hour during various pay periods. Based on information and belief, DEFENDANTS rounded down PLAINTIFF's total hours worked on all wage statements.  PLAINTIFF estimates DEFENDANTS shaved off an average of at least thirty minutes of compensable work time each week he worked for DEFENDANTS due to DEFENDANTS' time-rounding policies and practices, payment according to scheduled hours rather than actual hours worked and/or other mandated off-the-clock work described herein.  Based on information and belief, DEFENDANTS implemented a "grace period" for Class Members to clock in and clock out for their shifts that assumed that Class Members worked only during their scheduled shift times and failed to account for and compensate for actual time worked, resulting in the underpayment of minimum and overtime wages owed to Class Members. DEFENDANTS' failure to pay for all time worked by virtue of its time-rounding practices and/or only paying for scheduled hours rather than for actual time worked resulted in the underpayment of minimum wages owed to PLAINTIFF and Class Members as well as unpaid overtime wages for PLAINTIFF and those Class Members who worked more than eight (8) hours in a day and/or forty hours in a week.

35.     Moreover, based on information and belief, PLAINTIFF and other Class Members were consistently required to perform pre-shift and/or post-shift off-the-clock work.  For example, PLAINTIFF typically had to arrive at work at least several minutes prior to his scheduled shift start

time each workday to account for the usual wait time in line behind other employees to clock in, don safety and/or personal protective equipment DEFENDANTS required and/or perform other mandated pre-shift off-the-clock work such as, but not limited to, performing safety checks of equipment and/or complete other work tasks.  However, PLAINTIFF was not compensated for this pre-shift off-the-clock work time spent under employer control fulfilling DEFENDANTS' requirements, resulting in significant off-the-clock work and the underpayment of minimum and overtime wages owed to PLAINTIFF.  Based on information and belief, DEFENDANTS had a uniform policy and practice of requiring the Class Members to complete off-the-clock work tasks before clocking in for the start of their shifts, resulting in significant off-the-clock work and the underpayment of minimum and overtime wages owed to the Class Members.

36.    Based on information and belief, PLAINTIFF and other Class Members were required to complete other off-the-clock work tasks after clocking out for the end of their shifts and/or during uncompensated meal periods, resulting in significant off-the-clock work and the underpayment of minimum and overtime wages owed to PLAINTIFF and other Class Members.

37.    Based on information and belief, DEFENDANTS did not compensate PLAINTIFF and other Class Members for time spent donning and doffing personal protective equipment, safety equipment and/or uniforms (e.g., face masks, safety harnesses and/or safety goggles) during meal periods, rest periods, before the start of a scheduled shift, and after completing a scheduled shift.

38.    Based on information and belief, DEFENDANTS failed to compensate Class Members for time they were required to spend completing training and certification and/or the onboarding process. For example, based on information and belief, DEFENDANTS required Class Members to review and sign various types of policies and documents, including but not limited to, safety guidelines/safety awareness certifications, employee time-keeping policies, workplace harassment policies, among other documents, but they were not paid for all time spent reviewing and/or completing certification as directed by DEFENDANTS.  Based on information and belief, DEFENDANTS had a uniform policy and practice of requiring Class Members to complete mandatory off-the-clock administrative tasks, onboarding, training, certification, and/or other tasks without compensating for all hours worked.

39.     Based on further information and belief, DEFENDANTS' electronic employee time-keeping system regularly malfunctioned such that Class Members were frequently required to either reinitiate the system prior to being able to clock in and/or were unable to clock in at all for the start of their shifts and/or clock back in from meal periods, resulting in consistent off-the-clock work and the underpayment of minimum and overtime wages owed to Class Members.  Based on information and belief, Class Members experienced the same issues when clocking out for shifts and/or back in for meal periods.  This time spent under DEFENDANTS' control was not recorded and not compensated and resulted in unpaid minimum and overtime wages.

40.     In addition, on information and belief, DEFENDANTS required Class Members to obtain Covid-related testing outside of their scheduled shift times without compensating them for the time spent completing DEFENDANTS' testing requirements.

41.     Based on further information and belief, DEFENDANTS also failed to pay the correct overtime and double time rates to Class Members due to DEFENDANTS' failure to incorporate all forms of non-discretionary compensation, including but not limited to, shift differential pay and/or non-discretionary bonus pay and/or other forms of non-discretionary pay, into the regular rate(s) of pay for purposes of calculating the owed overtime rate and the owed double time rate resulting in the underpayment of overtime and double time wages owed.  For example, based on information and belief, Class Members regularly earned shift differential pay and/or earned non-discretionary bonuses (e.g., attendance bonuses, safety bonuses and/or other non-discretionary performance-based bonuses). Based on information and belief, DEFENDANTS failed to factor Class Members' non-discretionary compensation into their regular rate(s) of pay for purposes of calculating the owed overtime rate and the owed double time rate.  Based on information and belief, DEFENDANTS failed to incorporate all non-discretionary compensation into the regular rate of pay for purposes of paying overtime and double time wages to Class Members.

42.     DEFENDANTS' automatic deduction and rounding policies and practices as well as mandated off-the-clock work described herein resulted in a failure to account for all hours worked and deprived PLAINTIFF and Class Members of all owed minimum wages and overtime wages, including, but not limited to, double time wages.

43.     Based on information and belief, DEFENDANTS had actual and/or constructive knowledge that its auto-deduction and time-rounding policies, failure to provide full 30-minute off-duty meal periods, and off-the-clock work policies and practices resulted in violations of California's minimum and overtime wage laws and other violations described below.

44.     **Inaccurate Wage Statements**. During the relevant period, DEFENDANTS failed to provide PLAINTIFF and the Class Members with accurate wage statements that complied with Labor Code section 226. DEFENDANTS provided wage statements that failed to indicate the total wages earned (including meal and rest period premiums), and total hours worked by PLAINTIFF and other Class Members by virtue of the automatic deduction for meal periods, time-rounding policies and practices and/or other off-the-clock work described herein (including but not limited to when shift differentials were paid). Accordingly, DEFENDANTS violated Labor Code section 226 by providing wage statements that were inaccurate and failed to include all of the statutorily required information.

45.     Separately, based on information and belief, DEFENDANTS violated Labor Code section 226 because the wage statements issued by DEFENDANTS failed to list the correct name and address of the legal entity that is the employer.   Based on information and belief, DEFENDANTS issued wage statements to Class Members that also failed to list the correct name and address of the legal entity that is the employer. As a result, the wage statements provided to PLAINTIFF and the Class Members were not accurate and did not include all of the statutorily required information, including but not limited to the name and address of the legal entity that is the employer.

46.     In addition, based on information and belief, DEFENDANTS violated Labor Code section 226 by issuing wage statements to Class Members that failed to list all applicable hourly rates in effect during the pay period, due to, including but not limited to, failing to list the correct overtime rate because DEFENDANTS did not incorporate all non-discretionary compensation, such as, but not limited to, shift differential pay and/or non-discretionary bonuses/incentive pay into the regular pay rate for purposes of calculating the owed overtime rate.

47.     As a result, PLAINTIFF and the Class Members have suffered injury as they could

not easily determine whether they received all wages owed to them and whether they were paid for all hours worked. Moreover, as a result of DEFENDANTS' failure to list the correct legal entity that is the employer, PLAINTIFF and the Class Members have suffered injury as there was confusion as to which entity to contact regarding any question(s) they had about wages paid and unpaid.

48.     **Failure to Reimburse Business Expenses**. DEFENDANTS also failed to compensate PLAINTIFF and the Class Members for business-related expenses incurred in direct consequence of the discharge of their duties or of their obedience to the directions of the employer. PLAINTIFF and the Class Members were improperly required to provide and maintain work tools that are supposed to be the responsibility of the employer. DEFENDANTS shifted its costs of doing business onto PLAINTIFF and other Class Members by requiring them to pay for its business expenses, including but not limited to, use of PLAINTIFF's and Class Members' personal mobile phone/mobile device and costs associated with the purchase and/or maintenance of work uniforms/clothing and protective gear. For example, at times, PLAINTIFF received work-related calls and messages to his personal phone from managers and/or supervisors, including but not limited to, regarding scheduling/other work tasks, and purchased his own face masks. PLAINTIFF was not reimbursed for these business expenses. Moreover, based on information and belief, Class Members were not reimbursed for the cost of undergoing Covid testing, including but not limited to purchasing the test, and/or the cost of traveling and/or using a personal vehicle to travel to and from a testing site.

49.     DEFENDANTS' failure to provide PLAINTIFF and other Class Members with full reimbursement for all reasonable expenses associated with carrying out their duties required that PLAINTIFF and other Class Members subsidize and/or carry the burden of business expenses in violation of Labor Code section 2802.

50.     **Failure to Timely Pay All Wages Owed Upon Separation of Employment**. DEFENDANTS failed to pay Class Members all wages due and owing upon termination or resignation within the time limits prescribed under the Labor Code.  Class Members' final paychecks did not include all wages owed as they were devoid of, including but not limited to, all earned and

1    unpaid minimum wages, overtime wages, premium wages for unlawful meal and rest breaks, and

2    all owed vacation pay and/or paid time off at the properly accrued rates.

3         51.    PLAINTIFF is informed and believes and allege thereon that DEFENDANTS

4    engaged in these same herein described unlawful practices with regard to all of the Class Members,

5    and that DEFENDANTS applied these same herein described unlawful practices to all of its

6    employees across all of its locations in California that it applied to PLAINTIFF.

7                            **FIRST CAUSE OF ACTION**

8              **Recovery of Unpaid Minimum Wages and Liquidated Damages**

9                            **(Against All Defendants)**

10        52.    Pursuant to California Labor Code sections 1194 and 1197, and the Industrial Wage

11   Commission ("IWC") Wage Orders, an employer must pay its employees for all hours worked, up

12   to 40 hours per week or 8 hours per day, at a regular time rate no less than the mandated minimum

13   wage. Payment to an employee of less than the applicable minimum wage for all hours worked in a

14   payroll period is unlawful.

15        53.    DEFENDANTS violated California's minimum wage laws by failing to compensate

16   PLAINTIFF and the Class Members for all hours worked by virtue of, among other things,

17   DEFENDANTS' time-rounding policy and practice, auto-deduction policy and practice for meal

18   periods, paying for scheduled hours instead of actual hours worked, and off the-clock work

19   described above.

20        54.     DEFENDANTS had and continue to have a continuous policy of failing to pay

21   PLAINTIFF and Class Members for all hours worked.

22        55.    Pursuant to Labor Code sections 1194 and 1194.2, PLAINTIFF and the Class

23   Members are entitled to recover all unpaid minimum time wages and liquidated damages thereon,

24   plus attorney's fees and costs, in an amount to be proved at trial.

25        56.    Plaintiff and Class Members that are no longer employed by DEFENDANTS have

26   an additional claim for waiting time penalties pursuant to Labor Code sections 201-203 for up to 30

27   days of waiting time penalties on account of DEFENDANTS' ongoing willful failure to pay them

28   all minimum wages that are due and owing, together with interest thereon, attorneys' fees and costs.

**SECOND CAUSE OF ACTION**

**Recovery of Unpaid Overtime**

**(Against All Defendants)**

57.    Pursuant to Labor Code section 510 and the applicable Wage Order, employees in California must be paid overtime, equal to one and one-half times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh consecutive day of work in a workweek. Employees must be paid double the regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) on the seventh consecutive day of work in a workweek, unless they are exempt.

58.    PLAINTIFF and the Class members worked overtime hours for which they were not compensated by DEFENDANTS by virtue of DEFENDANTS' auto-deduction and time-rounding/time-shaving policies and other mandated off-the-clock work policies and practices described above.

59.    Moreover, based on information and belief, DEFENDANTS adopted an Alternative Workweek Schedule (AWS) that was in effect during the relevant period that was an unlawful AWS and/or DEFENDANTS failed to comply with the AWS, and as such, DEFENDANTS violated California overtime laws, including but not limited to, Labor Code sections 510, 511, the applicable Wage Order, and Labor Code section 1198.

60.    Based on further information and belief, DEFENDANTS also failed to pay the correct overtime rates to Class Members due to DEFENDANTS' failure to incorporate all forms of non-discretionary compensation, including but not limited to, shift differential pay and/or non-discretionary bonus/incentive pay and/or other non-discretionary pay, into the regular rate of pay for purposes of calculating the owed overtime rates resulting in the underpayment of overtime wages owed.

61.    DEFENDANTS' automatic deduction and rounding policies and practices as well as mandated off-the-clock work described herein resulted in a failure to account for all hours worked and deprived PLAINTIFF and Class Members of all owed minimum wages and overtime wages,

including, but not limited to, double time wages. Moreover, based on information and belief, Class Members that were subject to an AWS were deprived of all owed overtime wages when required to work shortened shifts as determined by DEFENDANTS.

62.     DEFENDANTS' conduct described above is in violation of California Labor Code sections 510, 511, 1194, 1198, and all applicable Wage Orders.

63.     PLAINTIFF and the Class Members are entitled to recover all unpaid overtime wages, plus attorney's fees and costs, in an amount to be proved.

64.     Plaintiff and Class Members that are no longer employed by DEFENDANTS have an additional claim for waiting time penalties pursuant to Labor Code sections 201-203 for up to 30 days of waiting time penalties on account of DEFENDANTS' ongoing willful failure to pay them all overtime and double time wages that are due and owing, together with interest thereon, attorneys' fees and costs.

**THIRD CAUSE OF ACTION**

**Failure to Provide Meal Periods or Compensation in Lieu Thereof**

**(Against All Defendants)**

65.     PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

66.     Pursuant to Labor Code section 512 and all applicable IWC Wage Orders, DEFENDANTS were required to provide PLAINTIFF and the Class Members with one thirty-minute meal period free from all duties and employer control for all shifts longer than five (5) hours, and a second thirty-minute meal period free from all duties for all shifts longer than ten hours. Meal periods can be waived, but only under the following circumstances: (1) if an employee's total work period in a day is over five (5) hours but no more than six (6) hours, the required meal period may be waived by mutual consent of the employer and employee, and (2) if an employee's total work period in a day is over ten (10) hours but no more than twelve (12) hours, the required second meal period may be waived by mutual consent of the employer and employee, but only if the first meal period was not waived. Employers covered by the Wage Orders have an obligation to both (1) relieve their employees for at least one meal period for shifts over five hours (see above), and (2) to

record having done so. If the employer fails to properly record a valid meal period, it is presumed no meal period was provided.

67.     PLAINTIFF and the Class Members were consistently unable to take timely, off duty, thirty-minute, uninterrupted meal periods, often being forced to take late meal periods and/or work through part or all of their meal periods due to the nature and constraints of their job duties, having to attend to work tasks requiring immediate attention and or commentary from DEFENDANTS pressuring the Class Members to take non-compliant breaks or skip breaks completely.

68.     Per DEFENDANTS' unlawful policies and practices pertaining to meal periods, DEFENDANTS also failed to provide PLAINTIFF and the Class Members with duty-free, uninterrupted, thirty-minute, second meal periods before the end of the tenth hour of work when working more than ten hours, and third meal periods before the end of the fifteenth hour of work when Class Members worked more than fifteen hours in a shift.

69.     DEFENDANTS have and continue to have a continuous policy of clocking out PLAINTIFF and Class Members/requiring PLAINITFF and the Class Members clock out for meal periods, even though PLAINTIFF and Class Members were not relieved of all duties and employer control during said meal periods, rendering the unpaid time compensable under California law.

70.     PLAINTIFF is further informed and believes and thereon alleges that DEFENDANTS had actual or constructive knowledge that its policies and practices that failed to relieve its employees of all duties and employer control during meal periods resulted in the denial of meal periods owed to PLAINTIFF and the Class Members, in violation of California's meal period laws.

71.     DEFENDANTS did not pay PLAINTIFF and the Class Members an additional hour of wages at their respective regular rates of pay for each workday a proper meal period was not provided. DEFENDANTS either failed to pay a meal period premium at all for each workday a legally compliant meal period was not provided or failed to pay the proper meal period premium for failure to incorporate all non-discretionary remuneration, including but not limited to, non-discretionary bonus/incentive pay, multiple regular pay rates, shift differential pay and/or other non-

discretionary compensation into the regular pay rate(s) used to calculate the owed meal period premiums.

72.     DEFENDANTS failed to provide PLAINTIFF and the Class Members with all required meal periods, or with proper compensation in lieu thereof. As a result, under Labor Code section 226.7, PLAINTIFF and the Class Members are entitled to one additional hour's pay at the proper premium pay rate for each day a meal period was missed, late or interrupted, all in an amount to be proved at trial.

## FOURTH CAUSE OF ACTION

### (Failure to Provide Rest Periods or Compensation in Lieu Thereof

### (Against All Defendants)

73.     PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

74.     Labor Code section 226.7 and all applicable IWC Wage Orders require an employer to authorize or permit an employee to take a rest period of net ten (10) net minutes for every four hours worked or major fraction thereof. Such rest periods must be in the middle of the four-hour period "insofar as practicable." The rest period requirement obligates employers to permit and authorize employees to take off-duty rest periods, meaning employers must relieve employees of all duties and relinquish control over how employees spend their time. *Augustus v. ABM Security Services, Inc.*, (2016) 2 Cal.5th 257. If the employer fails to provide any required rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each workday the employer did not provide at least one legally required rest period, pursuant to Labor Code section 226.7.

75.     Moreover, in California, rest periods must be a "net" ten minutes in a suitable rest area. *Id.* at 268 (relying on January 3, 1986 and February 22, 2002 DLSE Letters wherein the DLSE ruled that the net ten-minute language for rest periods means ten minutes of time in a rest area and cannot include time it takes to get to and from the rest area). The employer must show that it clearly articulates the right to a net ten minutes, which means it must clearly communicate what "net" ten minutes means (i.e., regardless of what happens along the way to and from a rest area, employees are entitled to a full ten minutes of rest in the rest area). Id.; see also, *Bufil v. Dollar Fin. Grp., Inc.*,

(2008) 162 Cal. App. 4th 1193, 1199 (the "onus is on the employer to clearly communicate the authorization and permission [to take rest periods] to its employees.").

76.     PLAINTIFF and the Class Members did not receive compliant, timely, net, ten-minute rest periods every four (4) hours worked or major fraction thereof.  PLAINTIFF and the Class Members were consistently unable to take a net, ten-minute, off-duty rest period for every four (4) hours worked or major fraction thereof due to, including but not limited to, having to attend to work duties requiring immediate attention, lack of relief workers available, and/or commentary from supervisors pressuring PLAINTIFF and other Class Members to take non-compliant rest periods or skip rest periods. DEFENDANTS implemented policies and practices that failed to relieve the Class Members of all duties and employer control during any rest periods. For example, based on information and belief, PLAINTIFF and other Class Members were prohibited from leaving the worksite during any rest periods and/or required to monitor work communication devices, as well as attend to work tasks as needed, including during any purportedly duty-free rest periods and thus remained under employer control during any rest periods, rendering said rest periods on duty and thus noncompliant with California rest period law.  Based on information and belief, DEFENDANTS did not have a lawful policy, instruction, or practice as to the taking, length, timing, or duty-free nature of rest periods.  For example, based on information and belief, DEFENDANTS failed to authorize and permit rest periods that were a "net" ten minutes in a suitable rest area and instead limited PLAINTIFF and other Class Members to only ten-minute rest periods, requiring them to be back at their workstations within ten minutes of leaving, in violation of California rest period law.   PLAINTIFF and other Class Members did not receive legally compliant first, second, or third rest periods.  Based on information and belief, DEFENDANTS never paid PLAINTIFF and other Class Members any rest period premium for any missed/non-compliant rest period.

77.     DEFENDANTS did not pay PLAINTIFF and the Class Members an additional hour of wages at their regular rate(s) of pay for each workday a proper rest period was not provided.

78.     DEFENDANTS are therefore liable to PLAINTIFF and the Class Members for one

hour of additional pay at the regular rate of compensation for each workday that a required rest period was not provided, pursuant to California Labor Code section 226.7 and the applicable Wage Order, plus pre-judgment interest.

### FIFTH CAUSE OF ACTION

**Failure to Furnish Accurate Itemized Wage Statements**

**(Against All Defendants)**

79.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

80.    Pursuant to California Labor Code § 226, subdivision (a), PLAINTIFF and the Class Members were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

> (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and  his or her social security number, except that by January 1, 2008, only the last four digits of  his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

81.    During the relevant time period, DEFENDANTS intentionally failed to provide PLAINTIFF and the Class Members with complete and accurate wage statements in compliance with Labor Code § 226, because they do not accurately reflect the total number of hours worked.

82.    Notably, due to DEFENDANTS' unlawful policies of automatically deducting meal periods, rounding time entries, and uncompensated off-the-clock work, wage statements provided by DEFENDANTS fail to reflect the true total hours PLAINTIFF and the Class Members worked, a requirement of Labor Code § 226.

83.    Moreover, as DEFENDANTS failed to provide lawful meal and rest periods to

PLAINTIFF and Class Members, the wage statements issued by DEFENDANTS failed to correctly set forth (a) the gross wages earned, in violation of Labor Code section 226(a)(1); (b) the total hours worked by the employee in violation of Labor Code section 226(a)(2); (c) the net wages earned, in violation of Labor Code section 226(a)(5); and (d) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee in violation of Labor Code section 226(a)(9).

84.     DEFENDANTS knowingly and intentionally failed to provide PLAINTIFF and the Class Members with proper, itemized wage statements as the wage statements provided by DEFENDANTS did not accurately reflect the total hours worked per pay period (including but not limited to when shift differentials were paid) due to DEFENDANTS' policy and practice of payment according to scheduled hours rather than actual hours worked, automatic deduction policy and/or practice for unlawful meal periods, time-rounding policies and practices and other off-the-clock work policies and practices.

85.     Separately, based on information and belief, DEFENDANTS failed to provide PLAINTIFF and Class Members with wage statements that listed the correct name and address of the legal entity that is the employer.

86.     Based on information and belief, DEFENDANTS also violated Labor Code section 226 by issuing wage statements that failed to list all applicable pay rates in effect during the pay period, due to, including but not limited to, failure to incorporate all non-discretionary compensation earned during the pay period, such as, but not limited to, shift differential pay and/or non-discretionary bonuses/incentive pay and/or other non-discretionary pay into the regular pay rate for purposes of calculating the owed and listed overtime rate.  By failing to list all applicable hourly rates in effect during the pay period on wage statements issued to Class Members, DEFENDANTS violated Labor Code section 226(a) which mandates said information be included on each wage statement.

87.     As a result of DEFENDANTS' unlawful conduct, PLAINTIFF and the Class Members have suffered injury. The absence of accurate information on Class Members' wage statements has prevented earlier challenges to DEFENDANTS' unlawful pay practices, will require

discovery and mathematical computations to determine the amount of wages owed, and will cause difficulty and expense in attempting to reconstruct time and pay records. DEFENDANTS' conduct led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies. As a result, PLAINTIFF and the Class Members are required to participate in this lawsuit and create more difficulty and expense for PLAINTIFF and the Class Members from having to reconstruct time and pay records than if DEFENDANTS had complied with their legal obligations.

88.     Pursuant to California Labor Code section 226(e), PLAINTIFF and the Class Members are entitled to recover fifty dollars per employee for the initial pay period in which a Section 226 violation occurred and one hundred dollars per employee per violation for each subsequent pay period, not to exceed an aggregate penalty of four thousand dollars per employee.

89.     Pursuant to California Labor Code § 226(h), PLAINTIFF and the Class Members are entitled to bring an action for injunctive relief to ensure DEFENDANTS' compliance with California Labor Code § 226(a). Injunctive relief is warranted because DEFENDANTS continue to provide currently employed Class Members with inaccurate wage statements in violation of California Labor Code § 226(a). Currently employed Class Members have no adequate legal remedy for the continuing injuries that will be suffered as a result of DEFENDANTS' ongoing unlawful conduct. Injunctive relief is the only remedy available for ensuring DEFENDANTS' compliance with California Labor Code § 226(a).

90.     Pursuant to California Labor Code §§ 226(e) and 226(h), PLAINTIFF and the Class Members are entitled to recover the full amount of penalties due under Section 226(e), reasonable attorneys' fees, and costs of suit.

## SIXTH CAUSE OF ACTION

### Failure to Timely Pay All Wages Due Upon Separation of Employment

### (Against All Defendants)

91.     PLAINTIFF incorporates all preceding paragraphs as if fully set forth herein.

92.     California Labor Code section 201(a) provides, in relevant part, that "[i]f an

employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

93.     California Labor Code section 202(a) provides, in relevant part, that "[i]f an employee not having a written contract for a definite period quits his or her employment,  his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of  his or her intention to quit, in which case the employee is entitled to  his or her wages at the time of quitting."

94.     Based in information and belief, DEFENDANTS fail to timely pay final wages to Class Members upon separation of employment in violation of Labor Code section 201-202 and/or fail to timely provide final wages with all owed vacation pay and/or paid time off. Based on information and belief, DEFENDANTS untimely provide final wages to Class Members without regard to the timing requirements of Labor Code sections 201-202.

95.     Moreover, final paychecks once provided to Class Members do not include all wages owed as they are devoid of, including but not limited to, all owed minimum wages, overtime wages, premium wages, vacation pay, and all owed sick leave and/or paid time off wages at the properly accrued rates.

96.     Under Labor Code section 203, PLAINTIFF and the Class Members who are no longer employed by DEFENDANTS are entitled to recover waiting time penalties of up to 30 days' pay, plus attorney's fees and costs, in an amount to be proved at trial.

**SEVENTH CAUSE OF ACTION**

**Failure to Reimburse Business Expenses**

**(Against All Defendants)**

97.     PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

98.     Pursuant to California Labor Code section 2802, PLAINTIFF and the Class Members were entitled to be reimbursed for all reasonable expenses associated with carrying out orders by their employer and/or carrying out the duties assigned by their employers.

99.     Among other things, under California law, when employees must use their personal

cellphones for work-related purposes, the employer must reimburse them for a reasonable percentage of their cell phone bills. See *Cochran v. Schwan's Home Services*, Inc. (2014) 228 Cal.App.4th 1137, 1140. To show liability, an employee will only need to show that he or she was required to use their personal cellphone for work-related purposes and not reimbursed for the use. Id. 1144-1145.

100.    PLAINTIFF and the Class Members were improperly required to pay for business expenses that are legally the responsibility of the employer, including but not limited to, data plan charges incurred due to DEFENDANTS' requirement they use their personal cellphones/other personal mobile communication devices in the discharge of their job duties, such as but not limited to, for communicating with management about work scheduling/tasks.  Based on information and belief, Class Members were improperly required to purchase, provide and or maintain work tools, uniforms/work clothing and/or personal protective equipment/safety equipment DEFENDANTS required.  Based on information and belief, DEFENDANTS did not reimburse the Class Members for the cost of undergoing employer-mandated covid testing, including but not limited to purchasing the test, and/or the cost of traveling and/or using a personal vehicle to and from a testing site.

101.    DEFENDANTS did not reimburse PLAINTIFF and the Class Members in any way for these business expenses incurred as a direct consequence of the discharge of their job duties or any amount of reimbursement offered fell far below the amount paid out of pocket and or expenses incurred by PLAINTIFF and the Class Members.

102.    DEFENDANTS' failure to provide PLAINTIFF and the Class Members with full reimbursement for all reasonable expenses associated with carrying out their duties required that PLAINTIFF and the Class Members subsidize and/or carry the burden of business expenses in violation of Labor Code section 2802.

103.    As a result of DEFENDANTS' unlawful conduct, PLAINTIFF and the Class Members have suffered injury in that they were not completely reimbursed as mandated by California law.

104.    Pursuant to California Labor Code section 2802, PLAINTIFF and the Class Members

are entitled to recover the full amount of reimbursable expenses due, in addition to reasonable attorneys' fees, and costs of suit.

### EIGHTH CAUSE OF ACTION

**Unfair Competition**

**(Against All Defendants)**

105.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

106.    The unlawful conduct of DEFENDANTS alleged herein constitutes unfair competition within the meaning of California Business and Professions Code section 17200. This unfair conduct includes all unlawful conduct alleged herein, including but not limited to: DEFENDANTS' failure to pay minimum and overtime wages by virtue of its illegal policies and practices; DEFENDANTS' failure to authorize or permit, or provide, all required meal and rest or pay proper premiums in lieu thereof; DEFENDANTS' failure to furnish complete and accurate itemized wage statements; DEFENDANTS' failure to provide paid sick leave/all paid time off provided in lieu thereof at the properly accrued rates due to, including but not limited to, DEFENDANTS' failure to base the accrued sick leave on the correct number of hours worked; DEFENDANTS' failure to reimburse business expenses; and DEFENDANTS' failure to timely pay all wages due during and upon separation of employment.

107.    Due to DEFENDANTS' unfair and unlawful business practices in violation of the California Labor Code, DEFENDANTS have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to authorize or permit rest and meal periods or pay proper meal and rest period premiums in lieu thereof, to provide proper notice and properly accrue and pay sick time benefits, to provide complete and accurate itemized wage statements, to reimburse employees for all business expenses, to pay all owed minimum and overtime wages, and to pay all wages due during and upon separation of employment of their employees.

108.    As a result of DEFENDANTS' unfair competition as alleged herein, PLAINTIFF and the Class Members have suffered injury in fact and lost money or property, as described in more detail above. Pursuant to California Business and Professions Code section 17200, et seq.,

PLAINTIFF and Class Members are entitled to restitution of all wages and other monies rightfully belonging to them that DEFENDANTS failed to pay and wrongfully retained by means of its unlawful and unfair business practices.

109.   PLAINTIFF also seeks an injunction against DEFENDANTS on behalf of the Class Members, enjoining DEFENDANTS and any and all persons acting in concert with it from engaging in each of the unlawful practices and policies set forth herein.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for relief and judgment, on behalf of PLAINTIFF and the Class Members:

1. For an order that the action be certified as a class action;

2. For an order that PLAINTIFF be appointed class representative;

3. For an order that counsel for PLAINTIFF be appointed class counsel;

4. For compensatory damages according to proof;

5. For liquidated damages according to proof;

6. For penalties according to proof;

7. For an order requiring DEFENDANTS to make restitution of all amounts wrongfully withheld from PLAINTIFF and the Class Members;

8. For an order finding DEFENDANTS have engaged in unfair competition in violation of section 17200, et seq. of the California Business and Professions Code;

9. For an order enjoining DEFENDANTS from further acts of unfair competition;

10. For pre-judgment interest as permitted by law;

11. For attorney's fees and costs reasonably incurred; and

12. For such other and further relief that the Court deems just and proper.

Dated:  May 16, 2022                **CROSNER LEGAL, PC**

By: _____

Michael R. Crosner, Esq.
Zachary M. Crosner, Esq.
Blake R. Jones, Esq.
Attorneys for Plaintiff,
OSCAR BARAJAS

1

## **DEMAND FOR JURY TRIAL**

2        PLAINTIFF demands a trial by jury on all claims so triable.

3

4   Dated:  May 16, 2022                              CROSNER LEGAL, PC

5                                                     By: _____

6                                                         Michael R. Crosner, Esq.
                                                          Zachary M. Crosner, Esq.
7                                                         Blake R. Jones, Esq.
                                                          Attorneys for Plaintiff,
8                                                         OSCAR BARAJAS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
05/26/2022 at 01:19:27 PM
By: Shabra Iyamu, Deputy Clerk

1  MICHAEL R. CROSNER (SBN 41299)
   mike@crosnerlegal.com
2  ZACHARY M. CROSNER (SBN 272295)
   zach@crosnerlegal.com
3  BLAKE R. JONES (SBN 211221)
   blake@crosnerlegal.com
4  **CROSNER LEGAL, PC**
   9440 Santa Monica Blvd. Suite 301
5  Beverly Hills, CA 90210
   Tel: (310) 496-5818
6  Fax: (310) 510-6429

7  Attorneys for Plaintiff OSCAR BARAJAS

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                              **COUNTY OF ALAMEDA**

10

11  OSCAR BARAJAS, as an individual and        Case No.:  22CV011373
    on behalf of all others similarly situated,
12
                                                 PLAINTIFF'S PEREMPTORY CHALLENGE
13          Plaintiff,                           OF THE HONORABLE EVELIO GRILLO;
                                                 DECLARATION OF ZACHARY CROSNER
14                                               IN SUPPORT THEREOF
    v.
15
                                                 [Code of Civ. Proc. § 170.6]
16  CPC LOGISTICS SOLUTIONS, LLC, a
    Missouri limited liability company; CPC
17  LOGISTICS INC., a Missouri corporation;
    NEWCO DISTRIBUTORS, INC., a
18  California corporation; and DOES 1-100,
    inclusive,
19
20          Defendants.
21
22
23
24
25
26
27
28

PLAINTIFF'S PEREMPTORY CHALLENGE OF HON. EVELIO GRILLO AND DECLARATION OF
ZACHARY CROSNER IN SUPPORT THEREOF

1    The attorneys for Plaintiff OSCAR BARAJAS ("Plaintiff") in the above-entitled action,
2  which involves contested issues of law and fact, and which has been assigned for all purposes
3  including trial to the Honorable Evelio Grillo, Judge of the above caption Court, respectfully
4  exercise a peremptory challenge pursuant to Code of Civil Procedure section 170.6 and request that
5  this case be reassigned from the Honorable Evelio Grillo to another judge, and that no matters
6  hereinafter arising in this action be heard by or assigned to the Honorable Evelio Grillo on the
7  grounds that the Judge is prejudiced against Plaintiff and/or the interests of the Plaintiff in this
8  action.  This motion is based on the matters contained herein, on California Code of Civil procedure
9  section 170.6, and the supporting declaration of Zachary Crosner attached hereto and filed herewith.
10    WHEREFORE, Plaintiff prays that the relief herein requested be granted.

Dated:  May 26, 2022                    CROSNER LEGAL, P.C.


_____
Michael R. Crosner, Esq.
Zachary M. Crosner, Esq.
Blake R. Jones, Esq.
Attorneys for Plaintiff OSCAR BARAJAS

2

1

**DECLARATION OF ZACHARY CROSNER**

2

I, Zachary Crosner, hereby declare and state on my oath and under penalty of perjury as

3 follows: I am an attorney duly licensed to practice law in the State of California and I am a member

4 of the law firm of Crosner Legal, P.C., attorneys of record for Plaintiff OSCAR BARAJAS

5 ("Plaintiff"), in the above-entitled matter.  I am informed and believe that the Honorable Evelio

6 Grillo is the judicial officer assigned for all purposes in this matter, including the trial in this action,

7 and is prejudiced against the interests of Plaintiff.  On this basis, Plaintiff and the undersigned

8 believe they cannot have a fair and impartial trial or hearing before this Judge.

9 I declare under penalty of perjury under the laws of the State of California that the foregoing is true

10 and correct and that this declaration was executed on this 26th day of May 2022 at Los Angeles,

11 California.

12

13

14

ZACHARY CROSNER

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Rene C. Davidson Courthouse, Department 23

## JUDICIAL OFFICER: HONORABLE BRAD SELIGMAN

Courtroom Clerk: Nicole Hall                                                        CSR: None

---

**22CV011373**                                                        May 31, 2022
                                                                      10:37 AM

**BARAJAS**
  **vs**
**CPC LOGISTICS SOLUTIONS, LLC, A MISSOURI**
**LIMITED LIABILITY COMPANY, et al.**

---

### MINUTES

**NATURE OF PROCEEDINGS: Court Order**

The Court reviews the Peremptory Challenge filed by Oscar Barajas (Plaintiff) on 05/26/2022
pursuant to Code of Civil Procedure section 170.6 and finds that it was timely filed, in proper
format, and is accepted.

Good cause appearing and on order of the Court, the above matter is reassigned to Judge Brad
Seligman in Department 23 at the Rene C. Davidson Courthouse for all further proceedings.

Complex Determination Hearing is scheduled for 06/10/2022 at 9:30 AM in Department 23 at
Rene C. Davidson Courthouse.

Clerk is directed to serve endorsed-filed copies of this order, with proof of service, to counsel
and to self-represented parties of record by mail.

By:        *Nicole Hall*

           N. Hall, Deputy Clerk
                          Minutes of: 05/31/2022
                          Entered on: 05/31/2022

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:

Rene C. Davidson Courthouse

Administration Building, 1221 Oak Street, Oakland, CA 94612

**FILED**
Superior Court of California
County of Alameda

05/31/2022

Clad Fluke, Executive Officer / Clerk of the Court

By: _Nicole Hall_ Deputy

N. Hall

PLAINTIFF(S):

Oscar Barajas

CPC LOGISTICS SOLUTIONS, LLC, a Missouri limited liability compa

## NOTICE OF CASE REASSIGNMENT

CASE NUMBER:

22CV011373

**EFFECTIVE**  05/31/2022

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

ASSIGNED JUDGE:   Brad Seligman

DEPARTMENT:   23

LOCATION:   Rene C. Davidson Courthouse
Administration Building, 1221 Oak Street, Oakland, CA 94612

PHONE NUMBER:   (510) 267-6939

FAX NUMBER:

EMAIL ADDRESS:   Dept23@alameda.courts.ca.gov

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 101.3)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

## NOTICE OF CASE REASSIGNMENT

**ASSIGNED FOR ALL PURPOSES TO**
**JUDGE** Brad Seligman
**DEPARTMENT** 23

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days."   The court's website contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

By                                                    *Nicole Hall*

N. Hall, Deputy Clerk

| **SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>05/31/2022<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _Nicole Hall_ Deputy<br>N. Hall |
| PLAINTIFF/PETITIONER:<br>Oscar Barajas | |
| DEFENDANT/RESPONDENT:<br>CPC LOGISTICS SOLUTIONS, LLC, a Missouri limited liability company et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22CV011373 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Reassignment upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Blake Jones
CROSNER LEGAL, PC
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210

Chad Finke, Executive Officer / Clerk of the Court

Dated: 05/31/2022          By:

_Nicole Hall_

N. Hall, Deputy Clerk

**CERTIFICATE OF MAILING**

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Rene C. Davidson Courthouse 1225 Fallon Street, Oakland, CA 94612 | **FILED** Superior Court of California County of Alameda 05/31/2022 Chad Finke, Executive Officer / Clerk of the Court By: _Nicole Hall_ Deputy N. Hall |
| PLAINTIFF/PETITIONER: Oscar Barajas | |
| DEFENDANT/RESPONDENT: CPC LOGISTICS SOLUTIONS, LLC, a Missouri limited liability company et al | |
| **CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL PROCEDURE 1010.6** | CASE NUMBER: 22CV011373 |

**I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the Notice of Case Reassignment entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.**

Blake Jones
CROSNER LEGAL, PC
blake@crosnerlegal.com

Chad Finke, Executive Officer / Clerk of the Court

Dated: 05/31/2022      By:

*Nicole Hall*

N. Hall, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda

05/31/2022

Chad Finke, Executive Officer / Clerk of the Court

By: _____ Deputy
J. Castaneda

COURTHOUSE ADDRESS:

Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

PLAINTIFF:
Oscar Barajas

DEFENDANT:
CPC LOGISTICS SOLUTIONS, LLC, a Missouri limited liability company et al

## NOTICE OF CASE RESCHEDULING OR RELOCATION

CASE NUMBER:
22CV011373

TO THE PARTIES:

You are hereby notified that the above-entitled matter, previously set for

Initial Case Management Conference _____ as follows:

Rene C. Davidson Courthouse _____ on 09/13/2022 _____ at 8:30 AM in Department 21 _____

has been rescheduled, or relocated, as follows:

Rene C. Davidson Courthouse _____ on 09/13/2022 _____ at 3:00 PM in Department 23 _____


Chad Finke, Executive Officer / Clerk of the Court


Dated: 05/31/2022_____        By J. Castaneda_____

Deputy Clerk


## NOTICE OF CASE RESCHEDULING OR RELOCATION

09/17

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>05/31/2022<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _____ Deputy<br>J. Castaneda |
| PLAINTIFF/PETITIONER:<br>Oscar Barajas | |
| DEFENDANT/RESPONDENT:<br>CPC LOGISTICS SOLUTIONS, LLC, a Missouri limited liability<br>company et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22CV011373 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Rescheduling or Relocation upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Blake Jones
CROSNER LEGAL, PC
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210

Chad Finke, Executive Officer / Clerk of the Court

Dated: 05/31/2022                    By:

J. Castaneda, Deputy Clerk

**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

| | |
|---|---|
| Oscar Barajas<br>　　　　Plaintiff/Petitioner(s)<br>vs.<br>CPC LOGISTICS SOLUTIONS,<br>LLC, a Missouri limited liability<br>company et al<br>　　　　Defendant/Respondent(s) | No.　　22CV011373<br><br>Date:　　05/31/2022<br>Time:　　10:37 AM<br>Dept:　　23<br>Judge:　Brad Seligman<br><br>ORDER re: Court Order |

The Court reviews the Peremptory Challenge filed by Oscar Barajas (Plaintiff) on 05/26/2022 pursuant to Code of Civil Procedure section 170.6 and finds that it was timely filed, in proper format, and is accepted.

Good cause appearing and on order of the Court, the above matter is reassigned to Judge Brad Seligman in Department 23 at the Rene C. Davidson Courthouse for all further proceedings.

Complex Determination Hearing is scheduled for 06/10/2022 at 9:30 AM in Department 23 at Rene C. Davidson Courthouse.

Clerk is directed to serve endorsed-filed copies of this order, with proof of service, to counsel and to self-represented parties of record by mail.

Dated: 05/31/2022

Brad Seligman / Judge

| **SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>05/31/2022<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _____ Deputy<br>J. Castaneda |
| PLAINTIFF/PETITIONER:<br>Oscar Barajas | |
| DEFENDANT/RESPONDENT:<br>CPC LOGISTICS SOLUTIONS, LLC, a Missouri limited liability company et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22CV011373 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Blake Jones
CROSNER LEGAL, PC
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210

Chad Finke, Executive Officer / Clerk of the Court

Dated: 05/31/2022                    By:

J. Castaneda, Deputy Clerk

**CERTIFICATE OF MAILING**

EXHIBIT B

1   DAVID SZWARCSZTEJN, CA Bar No. 272371
    david.szwarcsztejn@ogletree.com
2   OGLETREE, DEAKINS, NASH, SMOAK &
    STEWART, P.C.
3   400 South Hope St., Suite 1200
    Los Angeles, CA  90071
4   Telephone:      213-239-9800
    Facsimile:      213-239-9045
5
6   GRAHAM M. HELM, CA Bar No. 316002
    graham.helm@ogletree.com
7   OGLETREE, DEAKINS, NASH, SMOAK &
    STEWART, P.C.
8   One Embarcadero Center, Suite 900
    San Francisco, CA  94111
    Telephone:      415-442-4810
9   Facsimile:      415-442-4870

10  Attorneys for Defendants
    CPC LOGISTICS SOLUTIONS, LLC and
11  CPC LOGISTICS INC.

12                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                        **FOR THE COUNTY OF ALAMEDA**

14

15  OSCAR BARAJAS, as an individual and on          Case No. 22CV011373
    behalf of all others similarly situated,
16                                                  **DEFENDANTS' CPC LOGISTICS**
                                                    **SOLUTIONS, LLC AND CPC LOGISTICS**
17              Plaintiff,                          **INC.'S PEREMPTORY CHALLENGE**
                                                    **PURSUANT TO CODE OF CIVIL**
18          vs.                                     **PROCEDURE SECTION 170.6;**
                                                    **DECLARATION OF GRAHAM M. HELM**
19  CPC LOGISTICS SOLUTIONS, LLC, a                 **IN SUPPORT THEREOF**
    Missouri limited liability company; CPC
20  LOGISTICS INC., a Missouri corporation;         [Assigned for all purposes to The Honorable
    NEWCO DISTRIBUTORS, INC., a California          Brad Seligman, Dept. 23]
21  corporation; and DOES 1-100, inclusive,

22              Defendant.

23                                                  Action Filed:   May 16, 2022
                                                    Trial Date:     None Set
24

25

26

27

28
                                                                    Case No. 22CV011373
────────────────────────────────────────────────────────────────────────

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLEASE TAKE NOTICE that Defendants CPC LOGISTICS SOLUTIONS, LLC and CPC LOGISTICS INC. ("Defendants") will and hereby exercise its right, pursuant to Code of Civil Procedure section 170.6, to make a peremptory challenge to the Honorable Brad Seligman, to whom this case has been assigned for all purposes. The peremptory challenge is based upon the Declaration of Graham M. Helm filed concurrently herewith.

DATED:  July 1, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
David Szwarcsztejn
Graham M. Helm

Attorneys for Defendants
CPC LOGISTICS SOLUTIONS, LLC
and CPC LOGISTICS INC.

DEFENDANTS' CPC LOGISTICS SOLUTIONS, LLC AND CPC LOGISTICS INC.'S PEREMPTORY
CHALLENGE PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 170.6; DECLARATION OF GRAHAM
M. HELM IN SUPPORT THEREOF

**DECLARATION OF GRAHAM M. HELM**

I, GRAHAM M. HELM, declare and state as follows:

1.      I am an attorney license to practice before all the Courts of the State of California, and an associate at the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., counsel of record for Defendants CPC Logistics Solutions, LLC and CPC Logistics Inc. (together, "Defendants") in this Action.

2.      I am informed and believe that the Honorable Brad Seligman, to whom this action has been assigned for all purposes, including trial, is prejudiced against Defendants or their counsel, or the interests of Defendants or their counsel, so that Defendants cannot, or believe that they cannot, have a fair and impartial trial or hearing before such judge.

3.      This peremptory challenge is timely under California Code of Civil Procedure section 170.6(a)(2) in that Defendants have not made a general appearance in this action.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.


Dated: July 1, 2022                              By: _____
                                                      Graham M. Helm

**PROOF OF SERVICE**
*Oscar Barajas v. CPC Logistics Solutions, LLC et al.*
California Superior Court, County of Alameda
Case No. 22CV011373

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of San Francisco in the office of a member of the bar of this court at whose direction the service was made.  My business address is One Embarcadero Center, Suite 900, San Francisco, CA 94111.

On July 1, 2022, I served the following document(s):

**DEFENDANTS' CPC LOGISTICS SOLUTIONS, LLC AND CPC LOGISTICS INC.'S PEREMPTORY CHALLENGE PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 170.6; DECLARATION OF GRAHAM M. HELM IN SUPPORT THEREOF**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed to:

| | |
|---|---|
| MICHAEL R. CROSNER | Attorneys for Plaintiff |
| ZACHARY M. CROSNER | |
| BLAKE R. JONES | |
| CROSNER LEGAL, PC | |
| 9440 Santa Monica Blvd. Suite 301 | |
| Beverly Hills, CA  90210 | |
| Tel:     310-496-5818 | |
| Fax:    310-510-6429 | |
| E-Mail:  mike@crosnerlegal.com | |
|              zach@crosnerlegal.com | |
|              blake@crosnerlegal.com | |

☒     **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒     **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on July 1, 2022 at San Francisco, CA.

Nancy Taylor

52115089.v1-Ogletree
Case No. 22CV011373

DEFENDANTS' CPC LOGISTICS SOLUTIONS, LLC AND CPC LOGISTICS INC.'S PEREMPTORY CHALLENGE PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 170.6; DECLARATION OF COUNSEL IN SUPPORT THEREOF